UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**VINCENT ZUNIGA, REBECCA MAHON and DANIEL MAHON,**

 Plaintiffs,

v.                    Case No: 5:23-cv-351-PRL

**CITY OF GROVELAND and WILLIAM LONGHINI,**

 Defendants.
_____

## ORDER

Plaintiffs brought this action against the City of Groveland ("City") and William Longhini, a senior code enforcement officer, arising out of a code citation issued to Plaintiffs for violating the City's sign ordinance at their business. In essence, Plaintiffs allege that the sign ordinance was selectively enforced against them in violation of their rights under the First and Fourteenth Amendments. Defendants have filed this motion seeking to dismiss Plaintiffs' § 1983 claims (Counts V, VI, and VII) and their general claim for injunctive relief (Count VIII), and to strike their demands for punitive damages.[1] As discussed below, Defendants' motion to dismiss (Doc. 15) is **GRANTED.**

### I. BACKGROUND

The background "facts" are taken from the Amended Complaint, which the Court assumes to be true for purposes of this motion to dismiss.

---

[1] Plaintiffs do not seek to dismiss Counts I-IV in which Plaintiffs seeks a writ of certiorari challenging the City's quasi-judicial actions pursuant to Fla. R. App. P. 9.100(f).

- 2 -

Plaintiffs Rebecca Mahon and Daniel Mahon (collectively the "Mahon Plaintiffs") operate a brick-and-mortar barbeque restaurant at 247 West Broad Street in Groveland, Florida. They have a valid lease of the property, which is owned by Plaintiff Vincent Zuniga.

Prior to operating the brick-and-mortar location, the Mahon Plaintiffs had a food trailer at a gas station, which was allowed during COVID. The Mahon Plaintiffs allege that the City of Groveland targeted them from the start by: (1) the fire marshal visiting to ensure that the trailer was 50 feet from the gas pumps; and (2) not allowing them to have a sandwich board sign in front of their food trailer, contrary to Section 6.8 of the Groveland City Development Code. They claim that when the COVID restrictions were lifted, they were not permitted to continue operating the food trailer even though another taco food trailer was allowed to operate within the city limits. So, the Mahon Plaintiffs rented a room at the gas station and intended to use their mobile smoker to cook, but the City would not allow them to use the smoker at that location.

The Mahon Plaintiffs then leased the brick-and-mortar location from Zuniga. Several weeks later—after the Mahon Plaintiffs had already spent considerable amounts of money preparing the new location—the City changed its policy and allowed food trucks. The Mahon Plaintiffs requested a sign on the side of the building so it could be seen by people driving by. The City initially denied this request and would only approve a sign on the front of the building, which according to the Mahon Plaintiffs would not be visible to passing vehicles on the one-way road. The Mahon Plaintiffs ultimately parked a trailer with an advertisement for their restaurant next to their building, at which point the City contacted them and advised that they could put a sign centered on the side of the building. However, according to the Mahon Plaintiffs, their neighbor at the restaurant location has an RV that is consistently

parked, blocking that part of the building from being seen. So, they continued to use the sign on the side of the trailer.

On February 23, 2023, Longhini posted a notice of violation of Section 6.8 of the City of Groveland Community Development Code, which provides "All signs require approval by the Community Development Director or designee." On February 28, 2023, a notice of hearing was served upon Plaintiffs and a hearing was held on March 13, 2023, before Harry T. Hackney, Code Enforcement Special Master. (Doc. 13-1). The Mahon Plaintiffs attended. The Special Master concluded that the definition of "sign" is sufficiently broad to include the sign at issue here. Specifically, he wrote:

> The Respondent's tenant asserted in defense to the claim of violation that the signs in question were not "signs" because they were mounted on a trailer, or a pick-up, or leaning up against the building. The Code Enforcement Special Master reviewed the City of Groveland Code of Ordinances/Land Development Regulations, including the glossary. The Code Enforcement Special Master noted that the definition of "sign" provided in the glossary is sufficiently broad so as to include signs mounted on trailers and in pickup truck eds. Furthermore, any sign leaning up against the building would clearly qualify as a sign. Neither the Code nor the glossary definition of "sign" require that the signage be mounted on a building before it qualifies as a sign.

Based on the testimony and evidence presented at the hearing, the Code Enforcement Special Master concluded that Zuniga (as owner of the property) was in violation of Section 6.8 of the City of Groveland Community Development Code and ordered that a daily fine of $15.00 would be imposed beginning on April 4, 2023, if the violation was not brought into compliance before that date. Zuniga was also required to pay the City $170.00 for the costs of prosecuting the case.

On April 19, 2023, Plaintiffs initiated this action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. 1). On June 5, 2023, Defendants

removed the action to this Court based on federal question jurisdiction. (Doc. 1). Shortly thereafter, Plaintiffs filed their Amended Complaint (Doc. 13), which is the operative pleading.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 129 S.Ct. at 1949).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

With the foregoing standard in mind, and taking the facts asserted in Plaintiff's complaint as true, the Court addresses Defendants' motion.

### III. DISCUSSION

Plaintiffs attempt to assert claims under 42 U.S.C. § 1983 against the City and Longhini for purported violations of the First and Fourteenth Amendments. Specifically, Count V contains a § 1983 claim against the City and Longhini alleging "retaliation and discrimination against the Plaintiffs for exercising their First Amendment rights and for Defendants' selective punishment of the Plaintiffs." Count VI contains a § 1983 claim in which Rebecca Mahon alleges unlawful discrimination by Defendants because of her protected racial class of Native American. And Count VII asserts a claim that Defendants violated their rights under the Equal Protection Clause of the Fourteenth Amendment through "selective enforcement" and "in retaliation for and in order to get back at and punish the Plaintiffs[.]"

Section 1983 provides a private cause of action against any person (which can include a municipality) who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that

they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (citation omitted).

### A. Municipal Liability

Defendants argue that Plaintiffs have failed to adequately plead a claim for municipal liability under § 1983. A municipality is subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). A plaintiff must demonstrate: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "[T]o demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'" *Id.* at 1290 (citation omitted). Defendants contend that even if Plaintiffs have alleged a constitutional violation, they have failed to sufficiently allege that an official policy or custom caused the constitutional injury. The Court agrees.

At the most basic level, Plaintiffs have failed to sufficiently allege any constitutional violation. Indeed, as discussed below, Plaintiffs have failed to allege a claim for an equal protection violation. Likewise, Plaintiffs' claim for a violation of their First Amendment is unclear. In Count V, Plaintiffs ask the Court to declare that the sign ordinance "violates the First Amendment on its as applied to Plaintiffs/Appellants because selectively enforced only against the Plaintiffs/Appellants." (Doc. 13 at 20). And then in response to this motion, Plaintiffs argue that they are asserting a claim for retaliation against the exercise of First

Amendment rights. (*See* Doc. 22 at 6). Given the state of the pleadings, the Court is left to guess at Plaintiffs' theory of the purported First Amendment violation. Moreover, the Amended Complaint fails to allege how a policy or custom of the City was itself the moving force behind any alleged constitutional violation.

Accordingly, Plaintiffs' claims for § 1983 liability against the City in Counts V, VI, and VII, are due to be dismissed for failure to state a claim.

### B. Liability of Longhini and Qualified Immunity

Next, Defendants argue that Plaintiffs' claims against Longhini should be dismissed for failure to state a claim and because Longhini is entitled to qualified immunity.

"Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1305 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

Here, there is no dispute that Longhini was acting within his discretionary authority as a senior code compliance officer for the City. Specifically, the Amended Complaint alleges that Longhini: (1) on one occasion served Plaintiffs and posted a violation of Section 6.8 of the Groveland Community Development Code on behalf of the City; and (2) on one occasion served Plaintiffs and posted a notice of hearing regarding the alleged violation. (Am. Compl. at ¶¶ 26, 27). Other alleged conduct of the City with which Plaintiffs take issue is not attributed to Longhini. (Am. Compl. at ¶¶ 14-17, 21, 28). And he was not the Code Enforcement Special Master who made findings of fact and imposed fines against Plaintiffs.

This very limited conduct attributed to Longhini—posting and serving one notice of a code violation and one notice of hearing regarding the code violation—fails to state a claim for violation of Plaintiffs' clearly-established, federally-protected rights. Moreover, as discussed below, Plaintiffs have failed to offer any factual allegations suggesting that Longhini treated Plaintiffs differently than other similarly situated businesses. Accordingly, the claims against Longhini are due to be dismissed for failure to state a claim and because he is entitled to qualified immunity.

### C. Class-of-one Equal Protection Claims

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When presenting a class of one equal protection claim—which Plaintiffs confirm that they are doing (Doc. 22 at 10-11)—a plaintiff alleges "not that it belongs to a protected class, but that it is the only entity being treated differently from all other similarly situated entities." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade County, Fla.*, 48 F.4th 1222, 1233 (11th Cir. 2022). To prevail on such a claim, a plaintiff must show "that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.*; *see also Apothecary Dev. Corp. v. City of Marco Island, Fla.,* 517 F. App'x 890, 892 (11th Cir. 2013) (quoting *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1202 (11th Cir. 2007)).

"To maintain this focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, [the Court is] obliged to apply the 'similarly situated' requirement with rigor." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1207 (11th Cir. 2007)). Ultimately, a plaintiff must show that it and any comparators are "similarly situated 'in light of all the factors that

would be relevant to an objectively reasonable governmental decisionmaker.'" *Id*. (quoting *Douglas Asphalt Co. v. Qore, Inc.,* 54 F.3d 1269, 1275 (11th Cir. 2008)).

Here, Plaintiffs' speculative and vague allegations that they were treated differently from other unspecified parties fails to state an equal protection claim. Indeed, the Amended Complaint is devoid of any factual detail regarding the supposedly similarly-situated comparators against whom the sign ordinance allegedly was not enforced. For example, there are no allegations that another business parked its trailer with a mobile advertisement next to its place of business, and Defendants did not find it in violation of the sign ordinance. *See Apothecary Dev. Corp. v. City of Marco Island, Fla.,* 517 F. App'x 890, 892 (11th Cir. 2013) ("Plaintiffs' complaint baldly asserts that the alleged harassing behavior 'is being directed at and executed against Plaintiffs and their customers only, and not against similarly situated pharmacies, employees and customers in the Marco Island area' …. This is insufficient.") (internal citation omitted); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1367–68 (11th Cir. 1998), *abrogated on other grounds by Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were similarly situated to plaintiff.").[2]

---

[2] Plaintiffs cite *Geinosky v. City of Chicago*, 675 F.3d 743, 747-48 (7th Cir. 2012) for the proposition that a class-of-one claim can be stated without identifying similarly situated comparators where the allegations in the complaint "so clearly suggest harassment by public officials that has no conceivable legitimate purpose." In that case, the plaintiff alleged that Chicago police officers from Unit 253 had issued 24 bogus parking tickets to him over the course of 14 months. The Seventh Circuit emphasized the unique circumstances of that case and cautioned "[w]e are not inviting every driver with a couple of parking tickets (even invalid ones) to sue in federal court." *Id* at 749. This case—in which Plaintiffs received one citation for a code violation that was confirmed by a Special Master after a hearing—is readily distinguishable from the pattern of conduct alleged in *Geinosky*.

Accordingly, Plaintiffs' claim for equal protection violations in Count VII (and to the extent they are asserting an equal protection claim in Count V) are dismissed for failure to state a claim.

### D. Rebecca Mahon Equal Protection Claim

Also deficient is Rebecca Mahon's equal protection claim that Defendants' harassment and selective enforcement of the sign ordinance was based on racial discrimination. Ms. Mahon has failed to allege any connection between her protected racial class as a Native American and the alleged wrongs. Indeed, Ms. Mahon concedes that there is no evidence of discrimination based on her protected racial class. (Doc. 22 at 12). Moreover, Plaintiffs have failed to allege that there is any similarly situated person, outside of her protected class, who was treated more favorably by Defendants. Because Ms. Mahon's allegations of racial discrimination are speculative at best, Count VI is dismissed for failure to state a claim.

### E. Injunctive Relief and Punitive Damages

Based on Plaintiffs' agreement, Count VIII which seeks injunctive relief is dismissed and all demands for punitive damages are stricken. (Doc. 22 at 15).

### F. Claims brought by Plaintiff Vincent Zuniga

In one final issue, Defendants argue that Zuniga is not a property party to this action because the only allegation in the Amended Complaint regarding him is that he is the alleged owner of the property located at 247 West Broad Street in Groveland where the Mahons' brick-and-mortar restaurant is located. However, the "Findings of Fact, Conclusions of Law, Order of Enforcement" attached to the Amended Complaint, reflects that the enforcement action was brought and fines were levied against Zuniga for the mobile advertisement. (Doc. 13-1). Moreover, as the owner of the subject property, Zuniga has a legally protected interest

in the type of signage allowed on the property. Accordingly, based on the information before the Court, Zuniga is a proper Plaintiff to this action.

### IV. CONCLUSION

Accordingly, Defendants' motion to dismiss (Doc. 15) is **GRANTED** and Counts V-VIII are dismissed with leave to amend within **20 days** if Plaintiffs can do so in good faith. Once the pleading in this case is finalized, and if there are no federal claims, the Court will determine whether it is appropriate to exercise supplemental jurisdiction over the state law claims brought pursuant to Fla. R. App. P. 9.100(f). (Counts I-IV).

**DONE** and **ORDERED** in Ocala, Florida on August 29, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties